# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2025

Lyle W. Cayce
Clerk

No. 24-20487

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Oscar Orlando Mojano-Rodriguez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-121-1

_____

Before Haynes, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Oscar Orlando Mojano-Rodriguez appeals from a sentence imposed for his conviction for illegal reentry after deportation subsequent to a felony conviction. For the first time on appeal, he challenges a condition of his supervised release that requires him to report to the nearest probation office within 72 hours if he reenters the United States (a very common condition for such criminals). The district court adopted this condition by express

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reference to "special conditions" in an appendix attached to a presentence report (PSR) prepared by a probation officer.

At the beginning of the sentencing, the district court asked both sides if they had any additions, corrections, or objections to the PSR "or special conditions in the appendix" and both attorneys answered in the negative. Thus, defense counsel was on notice that the district court was considering adoption of the special conditions. When the district judge asked the defendant for his comments, he did not ask about the appendix or question anything in it. Thus, it is highly likely that he was advised of the PSR. Further, when the district court imposed its sentence, it expressly stated that upon supervised release the defendant will "comply with the additional conditions as noted in the appendix of the presentence investigation report."

Being convicted of illegal reentry, Mojano-Rodriguez is well aware that, absent permission from the U.S. government to return (quite unlikely), it would be illegal for him to come back to the United States. Nonetheless, on appeal, Mojano-Rodriguez, obviously realizing that announcing his return would lead to arrest, contends that the condition requiring him to report to the nearest probation officer should be vacated because the district court did not orally pronounce it at sentencing. But he acknowledges that the district court expressly adopted the conditions in the PSR appendix. Thus, like another defendant's recent appeal to our court, Mojano-Rodriguez's "real argument is that the district court erred because it 'never confirmed that [he] had reviewed, or had the opportunity to review, the PSR and its appendix with his counsel.'" *United States v. Martinez-Rivera*, No. 24-20031, 2025 WL 985711, at *2 (5th Cir. Apr. 2, 2025) (per curiam) (unpublished) (citation omitted).

For this argument he cites language in *United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (en banc), that references Federal Rule of Criminal

Procedure 32. We review for plain error because Mojano-Rodriguez did not object at sentencing to the challenged condition of supervised release. *See Puckett v. United States*, 556 U.S. 129, 135 (2009);[1] *Diggles*, 957 F.3d at 559–60. To the extent Mojano-Rodriguez argues that plain error review does not apply because the district court failed under Rule 32 to "verify that [he] reviewed the PSR with counsel" and thus gave him no "opportunity to object," *Diggles*, 957 F.3d at 560, we reject that argument. Mojano-Rodriguez did not object to the district court's failure to observe Rule 32, either. Moreover, and in any event, our decision in *Diggles* to apply plain error review did not turn on whether the district court followed Rule 32. *See id.* at 559–60. We held that the "opportunity [to object] exists when the court notifies the defendant at sentencing that conditions are being imposed." *Id.* at 560. Here, the district court did just that when it expressly adopted the conditions in the PSR appendix.

Even if we concluded that the district court's failure to ask whether Mogano-Rodriguez discussed the PSR with his attorney was a clear or obvious error (i.e., even if the first two prongs were met), we conclude that Mojano-Rodriguez cannot show reversible plain error because he has not demonstrated that any alleged error affected his substantial rights. *See Puckett*, 556 U.S. at 135 (stating that defendant must demonstrate in the ordinary plain-error case that alleged error "affected the outcome of the district court proceedings" (citation omitted)). He "does not dispute that

---

[1] To win on appeal under plain error review, Mojano-Rodriguez must meet four prongs. The first three are (1) that there was error; (2) that the error was clear or obvious, not reasonably disputable; and (3) that it affected his substantial rights. "Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (citation modified).

he and his counsel read and discussed the PSR." *Martinez-Rivera*, 2025 WL 985711, at *2 (addressing the same argument). Further, he "has not alleged prejudice as a result of the district court's failure to conduct the Rule 32 inquiry." *Id.* (citation modified). Mojano-Rodriguez "does not dispute the accuracy of the PSR, nor the district court's ability to impose the condition of supervised release," and "if we remanded for resentencing, the district court would be free to reinstate its previous sentence." *Id.*

For the same reasons, even if the first three prongs of the plain error test were otherwise satisfied, we would not exercise our discretion to remedy the error as requested by Mojano-Rodriguez[2] and allow him to reenter without informing a probation officer because we do not think any such error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (citation omitted). That is because if he is illegally entering the United States, he should tell the probation officer, and if he was legally entering, it would be helpful to let the probation officer know so that he would not be further arrested (and, if he is still within the supervised release timing, he could continue it). Accordingly, the district court's judgment is AFFIRMED.

---

[2]  His request is that we have the district court change the written judgment to leave out this part of the supervise release requirements.